IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES OSTBERG,<br><br>   Plaintiff,<br><br>VS.<br><br>U.S. BANK N.A., AS TRUSTEE FOR<br>THE REGISTERED HOLDERS OF THE<br>STRUCTURED ASSET SECURITIES<br>CORPORATION, STRUCTURED ASSET<br>INVESTMENT LOAN TRUST,<br>MORTGAGE PASS-THROUGH<br>CERTIFICATES, SERIES 2003-BC8,<br>et al.,<br><br>   Defendants. | § § § § § § § § § § § § § § § § §  Civil Action No. 3:15-CV-0826-D |

MEMORANDUM OPINION
AND ORDER

In this rental property mortgage case brought by plaintiff James Ostberg ("Ostberg"), defendants move for summary judgment. For the reasons that follow, the court grants the motion and dismisses this action with prejudice by judgment filed today.[1]

I

Ostberg sues defendants to recover on claims for violation of the Texas Debt Collection Act, breach of contract, and declaratory judgment. His lawsuit arises out of a loan that he obtained to purchase rental property located in Garland, Dallas County, Texas. Defendants move for summary, pointing, *inter alia*, to the absence of evidence to support each claim. *See* Ds. Br. 6-7.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Defendants filed their motion for summary judgment on May 25, 2016. Ostberg did not respond to the motion by the June 15, 2016 deadline[2]—indeed, he has not responded at all—and the motion is ripe for determination.

II

Because defendants will not have the burden of proof at trial on any of Ostberg's claims, they need only point the court to the absence of evidence of any essential element of the claim in question. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once they do so, Ostberg must go beyond his pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for Ostberg. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Ostberg's failure to produce proof as to any essential element of the claim renders all other facts immaterial. *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Ostberg fails to meet this burden. *Little*, 37 F.3d at 1076.

As noted, Ostberg has not responded to defendants' motion. Although his failure to respond does not permit the court to enter a "default" summary judgment in defendants' favor, *see, e.g., Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v.*

---

[2]*See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

*Westowne Associates*, 929 F.2d 160, 165 (5th Cir. 1991)).  Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2), (3).

Defendants have pointed the court, *inter alia*, to the absence of evidence to support Ostberg's claims.  *See, e.g.,* Ds. Br. 6-7.  Because Ostberg has failed to respond to defendants' motion, he is "relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence."  *Bookman*, 945 F. Supp. at 1002.  Ostberg has therefore failed to raise a genuine issue of material fact regarding his claims, and defendants are entitled to summary judgment.[3]

Accordingly, defendants' motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

July 7, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[3]Alternatively, with respect to Ostberg's declaratory judgment action, the court in its discretion would decline to adjudicate a declaratory judgment claim that is essentially duplicative of another claim in the case.